1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THEODORE B. EDENSTROM, | CASE NO. C16-5982RJB |
| Plaintiff, | ORDER ON REVIEW OF |
| | REFUSAL TO RECUSE |
| v. | |
| THURSTON COUNTY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Affidavit of Prejudice (Dkt. #58), which

the presiding judge, the Honorable Robert J. Bryan, has construed as a request for his recusal.

After review of the document, Judge Bryan declined to recuse himself. Dkt. #59. In accordance

with the Local Rules of this District, the matter was then referred to the Undersigned for review.

LCR 3(e).

In his Affidavit, Plaintiff states that he "believe[s], that Mr. Robert J. Bryan has either some

personal, undisclosed bias against Plaintiff, or has an interest adverse to Plaintiff." Dkt. #58 at 1.

This "belief" appears to be based on Judge Bryan's prior decision granting summary judgment in

favor of Defendants, to which Plaintiff objects.[1]  Dkt. #58 at 1-2.  Indeed, Plaintiff specifically references sections of the summary judgment Order with which he disagrees.  *Id.* at 2.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned."  Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.  28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980).  In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555.

---

[1]  Plaintiff also has a pending motion for reconsideration related to that summary judgment Order. Dkt. #57.

1   Plaintiff cites no evidence which would support a finding of impartiality, prejudice or bias

2   on Judge Bryan's part.  While it is clear he believes that Judge Bryan's summary judgment ruling

3   was erroneous, this is insufficient to form the basis of a valid request for recusal.  Plaintiff is

4   entitled to appeal any rulings he believes to be in error, but he may not properly seek recusal of

5   the presiding judge on those grounds.  A judge's conduct in the context of pending judicial

6   proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted

7   solely by information that the judge received in the context of the performance of his duties.  Bias

8   is almost never established simply because the judge issued adverse rulings against a party.

9       In order to overcome this presumption, Plaintiff would have to show that facts outside the

10  record influenced the decisions, or that the judge's rulings were so irrational that they must be the

11  result of prejudice.  Plaintiff does not allege any facts outside the record that improperly influenced

12  the decisions in this matter.  Accordingly, the Court finds no evidence upon which to reasonably

13  question Judge Bryan's impartiality and AFFIRMS his denial of Plaintiff's request that he recuse

    himself.

14      The Clerk SHALL provide copies of this Order to Plaintiff, all counsel of record, and to

15  Judge Bryan.

16      Dated this 6 day of September, 2017.

17

18

19                              RICARDO S. MARTINEZ
                                CHIEF UNITED STATES DISTRICT JUDGE

20

21

22

23

24