UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THEODORE B. EDENSTROM,<br><br>                 Plaintiff,<br>    v.<br><br>THURSTON COUNTY, et al,<br><br>                 Defendants. | CASE NO. 3:16-cv-05982-RJB<br><br>ORDER ON (1) PLAINTIFF AND DEFENDANT SETH SCHADE'S RESPONSES TO ORDER TO SHOW CAUSE AND (2) PLAINTIFF'S MOTION FOR RECONSIDERATION |

      THIS MATTER comes before the Court following the Plaintiff and Defendant Seth Schade's responses to the Order to Show Cause (Dkt. 55). The Court has considered the parties' responses and the remainder of the file herein. Also pending before the Court is Plaintiff's Motion for Reconsideration (Dkt. 57).

      In the Order to Show Cause (Dkt. 55), the Court ordered Plaintiff and Defendant Schade to show cause, by September 1, 2017, why the case should not be dismissed against Defendant Schade. Defendant Schade filed a response (Dkt. 56) on August 31, 2017. On September 1,

2017, Plaintiff filed a Motion for Reconsideration (Dkt. 57), describing how "Plaintiff has met the burden of proof for a Sec. 1983 action against Thurston County Wash., Mike Kain and Seth J Schade[.]" Plaintiff made no other filings on or prior to that date addressing concerns the Court raised in its Order to Show Cause. Because Plaintiff's Motion for Reconsideration addresses the showing as to the § 1983 claim against Defendant Schade, the Court construes Plaintiff's filing both as a response to the Order to Show Cause as well as a motion for reconsideration. *See* Dkt. 57.

**A. Order to Show Cause: claims against Defendant Schade should be dismissed.**

The Order to Show Cause requested the parties to explain (1) why Plaintiff's constitutional claims against Defendant Schade should not be dismissed, and (2) why the Court should not decline to exercise its supplemental jurisdiction to dismiss the remaining state law claim for trespass without prejudice. Dkt. 55 at 13-15.

    1. <u>Constitutional claims.</u>

Plaintiff's Motion for Reconsideration, construed as a response, states that "[Defendant] Schade's frivolous oil spill complaints and sabotage have gotten worse due to lack of law enforcement, but if this court does not wish to hear these issues, plaintiff will file complaints in [Thurston] county." Dkt. 57 at 5. The motion includes several attachments: "Section 1983," which appears to include extended legal argument about the sufficiency of Plaintiff's constitutional claims (Dkt. 57-1); a string of email correspondence from December 2011 between county officials and a redacted person about a Thurston County site visit to Mr. Edenstrom's property (Dkt. 57-2); an email dated November 2013 to Thurston County from a redacted person describing alleged County Code violations and attaching photos (Dkt. 57-3); and

an email dated December 2011 to Thurston County from a redacted person describing alleged County Code violations (Dkt. 57-4).

Defendant Schade's response (Dkt. 56) offers nothing but legal conclusions and information unhelpful to resolving the issues at hand.

If it is assumed that the redacted person in the email correspondences is Defendant Schade, Plaintiff still has not made a sufficient showing. There is no showing that Defendant Schade's conduct was state action or that Defendant Schade acted in joint participation with the government. A showing of "joint participation" is a two-part inquiry, considering (1) whether the constitutional deprivation was "caused by . . . a person for whom the State is responsible," and (2) that person "may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 937 (1982). A person is a state actor if "he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.* This includes "private" citizens who jointly participate with the government, but "a relationship far closer than merely furnishing the information—accurate or not" is required. *Andresen v. Diorio*, 349 F.3d 8, 13 (1st Cir. 2003).

Applying *Lugar* here, the email correspondence at most suggests that Defendant Schade filed several complaints with Thurston County about alleged unlawful activity on Plaintiff's property and that Thurston County investigated based on the neighbor tip. Because Thurston County did not violate Plaintiff's constitutional rights, *see* Dkt. 55 at 1-12, it cannot be said that Defendant Schade and Thurston County shared the common goal of or reached an agreement to violate Plaintiff's constitutional rights. *See Betts v. Shearman*, 751 F.3d 78, 85, 86 (2nd Cir. 2014). There is not sufficient indicia of intertwining or of joint action as a matter of law.

1   An attachment to Plaintiff's motion, "Section 1983," makes substantive arguments about
2   Plaintiff's constitutional claims. *See* Dkt. 57-1. Particular to Defendant Schade (*see* Dkt. 57-1 at
3   9-11), Plaintiff argues that Defendant Schade, "with and dependent upon the authority of
4   Thurston County, has continuously trespassed onto Plaintiff's private property, disregarding . . .
5   No Trespass signs, providing Thurston County with frivolous complaints needed to generate an
6   investigation." Dkt. 57-1 at 9. Plaintiff describes "an intertwined symbiotic relationship" and
7   "conspiracy," where Defendant Schade collects information for Thurston County to issue Notice
8   of Violation letters and Stop Work Orders. *Id*. at 10, 11.

Plaintiff's legal conclusion is not supported by the record. Plaintiff points to an exhibit, "Kain's site visit/investigation," Dkt. 57-1 at 10, which appears to be Dkt. 57-2, an email from Defendant Kain presumably to Defendant Schade about Plaintiff's property. The email states that "County staff did make a visit to the Edenstrom property . . . At that time there was only one violation observed." Dkt. 57-2 at 2. The email further states that Defendant Kain "will keep you [redacted recipients] informed of our progress." *Id*. There is not a sufficient showing of joint action. The showing is more analogous to cases where police follow through with investigations based on information from private citizens. *See, e.g., Betts*, 751 F.3d at 87, 88.

Therefore, the constitutional claims against Defendant Schade should be dismissed.

   2.   <u>State law claims.</u>

The attachment to Plaintiff's motion, "Section 1983," also makes substantive arguments about the Court's supplemental jurisdiction over the remaining state law claims against Defendant Schade, which was the second issue the Court asked the parties to brief. Dkt. 57-1 at 14. Defendant Schade's response offers no insight.

1    Plaintiff states that he "has become under the impression that their [*sic*] is some

2    undisclosed bias against him and his family and does not trust the courts of the municipal

3    corporation or of the County" to resolve the remaining claims in this case. Dkt. 57-1 at 14.

4    Plaintiff makes no further articulation of the bias.

5    Because the constitutional claims against Defendant Schade are dismissed, there remain

6    only state law claims against Defendant Schade, who, like Plaintiff, is a Washington resident.

7    Therefore, the Court is without original jurisdiction over the case. Plaintiff has not pointed to

8    exceptional circumstances. The Court should therefore decline to exercise its supplemental

9    jurisdiction over the remaining state law claims. The remaining state law claims should be

10   dismissed without prejudice so that Plaintiff may be able to seek relief in state court.

11   **B. Plaintiff's Motion for Reconsideration should be denied.**

12   Plaintiff's motion for reconsideration takes issue with specific portions of the Order to

13   Show Cause. Dkt. 57. Plaintiff argues perhaps most persistently and cogently that dismissal on

14   the grounds of failure to exhaust state remedies is not warranted. As an initial matter, the Court

15   finds that Plaintiff's motion does not meet the threshold requirement to show either manifest

16   error in the prior ruling or new facts or legal authority. *See* W.D.Wash. Local Court Rule 7(h)(1).

17   On that basis alone, the motion should be denied. The Court also notes it has not considered the

18   County Defendants' Response (Dkt. 60), because it was not invited by the Court. *Id.* at 7(h)(3).

19   Much of Plaintiff's motion addresses the exhaustion requirement, presumably in response

20   to the finding that Plaintiff did not make a sufficient showing that he had exhausted state

21   remedies. Plaintiff argues that "Defendant Thurston County has told Plaintiff that the

22   NOV/alleged stop work order is a final decision . . . there was no readily available appeal

23   process." Dkt. 57-1 at 7. However, Plaintiff's argument is self-serving and is contradicted by the

24

face of the Notice of Violation letter itself, which uses conditional, not mandatory language about the possibility of civil enforcement. The letter appears to warn of a civil penalty, at worst. But even if the civil penalty had been imposed, Plaintiff would need to show that he had appealed the decision in writing to the County's hearing examiner and then to Thurston County Superior Court. There is no evidence of either. The notion that Thurston County issued a final decision is also contradicted by Plaintiff, who also argues that "there has been no action . . . just physical invasions and threats[.]" Dkt. 57 at 4.

Other issues raised by Plaintiff's motion repeat arguments made in prior pleadings.

Plaintiff's Motion for Reconsideration (Dkt. 57) should be denied.

\* \* \*

Plaintiff's pleadings lay bare Plaintiff's frustration with the outcome of this case and related state court cases. The dismissal of this case makes no comment as to the legitimacy of Plaintiff's frustrations; this Court only addressed issues as raised by the parties and pleadings. Plaintiff questions the fairness of the Court and suggests that the Court may be part of a broader attempt to deprive Plaintiff of his rights as a property owner. That is not the case. Plaintiff should be assured that this Court has done its best to apply the law to the facts impartially.

THEREFORE, it is HEREBY ORDERED that all claims against Defendant Seth Schade are HEREBY DISMISSED. The state law claims are dismissed without prejudice.

Because Defendant Seth Schade is the sole remaining defendant, all claims have been dismissed as to all defendants. The trial and Pretrial Conference are stricken from the calendar. The case is closed.

It is further ordered that Plaintiff's Motion for Reconsideration (Dkt. 57) is DENIED.

1. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 7th day of September, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge